UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Davood Khademi,<br><br>    Plaintiff,<br><br>  v.<br><br>City of Roseville Police Department,<br><br>    Defendant. | No. 2:23-cv-01735-KJM-CKD<br><br>ORDER |

    Plaintiff Davood Khademi is incarcerated and is proceeding in this civil rights action without an attorney. He moves to proceed in forma pauperis. ECF No. 7. The action was referred to the assigned Magistrate Judge under this district's local rules. The Magistrate Judge recommends denying the motion because Khademi "has had at least 3 actions dismissed for failure to state a claim," disqualifying him from relief under the in forma pauperis statute. *See* F&Rs at 1–2, ECF No. 8 (citing 28 U.S.C. § 1915(g)). Khademi objected to that recommendation. The court has reviewed the record de novo. *See* 28 U.S.C. § 636(b)(1).

    Litigants ordinarily qualify to proceed in forma pauperis if they show they cannot pay the filing fee. 28 U.S.C. § 1915(a)(1). Congress changed that general rule for incarcerated plaintiffs in the 1990s. *See Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015). Under the revised rule, incarcerated plaintiffs may not proceed in forma pauperis if they have "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

1

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This provision is commonly known as the "three strikes" rule. *See, e.g.*, *Richey*, 807 F.3d at 1206. An action is "frivolous" if it is "of little weight or importance: having no basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation and quotation marks omitted). An action "fails to state a claim upon which relief may be granted" if it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *Id.* An action is "malicious" if it was filed "with the intention or desire to harm another." *Id.* (citation and quotation marks omitted).

The Magistrate Judge cited three previous actions in her findings and recommendations. First, in a case filed in this district by *Khademi* in 2018 while he was a pretrial detainee in a county jail, another judge of this court dismissed the complaint for failure to state a claim under Rule 12(b)(6). *Khademi v. Vanderwende*, No. 18-2798, 2019 WL 3936066, at *5 (E.D. Cal. Aug. 20, 2019), *adopted in full by* Order (Sept. 17, 2019), ECF No. 27. This was his first "strike" under § 1915(g). Second, Khademi appealed the district judge's order. The Ninth Circuit affirmed in an unpublished memorandum disposition "because Khademi failed to allege facts sufficient to state a plausible claim." *See Khademi v. Vanderwende*, 812 F. App'x 588 (9th Cir. 2020) (unpublished). The circuit did not dismiss the appeal or find it frivolous or malicious. For that reason, the appeal, though unsuccessful, was not itself a "strike." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) ("[A]ppellate affirmances do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim." (citation omitted)).

Third, in a case filed in this district by Khademi in 2023 while he was incarcerated in a county jail, another judge of this court dismissed the complaint because the limitations period had run. *See* Findings & Recommendations, *Khademi v. Los Rios Community Coll. Dist.*, No. 23-0260 (E.D. Cal. Apr. 24, 2023), ECF No. 3, *adopted in full by* Order (June 14, 2023), ECF No. 6. This was a dismissal for failure to state a claim, as it was apparent from the face of the complaint

that the limitations period had run.  The Magistrate Judge determined this was Khademi's third "strike."

Because only two of the actions cited in the Magistrate Judge's order qualify as "strikes" under § 1915(g), the court cannot adopt the Magistrate Judge's findings on their own terms.  The court takes judicial notice, however, that judges of this court have dismissed at least two other actions filed by Khademi while he was incarcerated for failure to state a claim.  *See Khademi v. Superior Court*, No. 19-1494 (E.D. Cal. Oct. 16, 2020); *Khademi v. Jimmanz*, No. 21-1394 (E.D. Cal. Apr. 1, 2022).  The court therefore agrees with the Magistrate Judge that Khademi cannot proceed in forma pauperis.  He has not shown an "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The findings and recommendations (ECF No. 8) are **adopted in part** as explained above.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is **denied**.  He is granted fourteen days within which to pay the $402 filing fee for this action.  Failure to pay the filing fee will result in dismissal.

IT IS SO ORDERED.

DATED:  December 28, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE